UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

D'WANNA WILLIAMS,

    Plaintiff,

    CASE NO:

vs.

CITY OF ALABASTER,
a municipal corporation,

    Defendant.

_____/

## COMPLAINT

Plaintiff, D'Wanna Williams, ("Plaintiff"), through undersigned counsel, hereby files this Complaint and sues The City of Alabaster, Alabama for injunctive relief, attorney's fees and costs pursuant to the Americans With Disabilities Act and the Rehabilitation Act of 1973 and allege:

## JURISDICTION AND PARTIES

1. This is an action for declaratory and injunctive relief pursuant to Title II of the Americans With Disabilities Act, (hereinafter referred to as the "ADA") 42 U.S.C. §§ 12131-12134, and its implementing regulation, 28 C.F.R. Part 35, as well as § 504 of the Rehabilitation Act of 1973, as amended, 29 U.S.C. §701 *et seq.* ("the Rehabilitation Act"). This Court is vested with original jurisdiction under 28 U.S.C §§1331 and 1343.

2. Venue is proper in this Court, the Southern Division of the Northern District of Alabama pursuant to 28 U.S.C. §1391 (B) and Local Rules of the United States District Court for the Northern District of Alabama.

3. Plaintiff, D'Wanna Williams (hereinafter referred to as "Williams") is a resident of the State of Alabama and is a qualified individual with a disability under the ADA. Williams suffers from what constitutes a "qualified disability" under the Americans With Disabilities Act of 1990, ("ADA") and all other applicable Federal statutes and regulations to the extent that she suffers from paraplegia and has had amputation of both of her legs and requires a wheelchair for mobility. Prior to instituting the instant action, Williams visited the Defendant's premises at issue in this matter, and was denied full, safe and equal access to the subject properties due to their lack of compliance with the ADA. Williams continues to desire and intends to visit the Defendant's premises but continues to be denied full, safe and equal access due to the barriers to access that continue to exist.

4. The Defendant, The City of Alabaster (hereinafter referred to as "Alabaster") is a municipal corporation conducting business in the State of Alabama. Upon information and belief, Alabaster is the operator, owner and/or lessee of the programs and services offered by Alabaster as well as the facilities, real properties and improvements which are the subject of this action, the Albert L.

Scott Public Library located at 100 9th Street NW; Buck Creek Park located at 701 6th Avenue SW; Veterans Park located at 7305 Highway 119; Warrior Park located at 100 City Park Lane and Abbey Wooley Park located at 720 Park Road (hereinafter referred to as the "Library," "Buck Creek Park," "Veterans Park," "Warrior Park" and "Abbey Wooley Park," respectively or as the "subject facilities," collectively).

5. All events giving rise to this lawsuit occurred in the Northern District of Alabama.

## COUNT I-VIOLATION OF THE AMERICANS WITH DISABILITIES ACT

6. Plaintiff re-alleges and re-avers the allegations contained in Paragraphs 1-5 as if expressly contained herein.

7. In Title II of the ADA, Congress provided that no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of a public entity, or be subjected to discrimination by any such entity.

8. Title II of the ADA also requires a public entity to furnish appropriate auxiliary aids and services where necessary to afford an individual with a disability an equal opportunity to participate in, and enjoy the benefits of a service, program, or activity conducted by a public entity. 28 C.F.R. §35.160(b)(1).

9. Title II of the ADA and 28 C.F.R. §35.105 required Defendant to have completed a Self-Evaluation by January 26, 1993 of its current services, policies, and practices, and the effects thereof, that do not comply with the ADA. Defendant was required to proceed to make the necessary modifications. Defendant has not completed an adequate Self-Evaluation.

10. Title II of the ADA and 28 C.F.R. §35.105 required Defendant to develop a Transition Plan by July 26, 1992, where structural changes in its existing facilities needed to be undertaken to achieve program accessibility for all persons with disabilities. Defendant failed to adequately develop a Transition Plan.

11. Defendant's failure to adequately complete its Self-Evaluation and failure to adequately develop a Transition Plan which fully meet the requirements of the ADA has denied, and continues to deny, Plaintiff her rightful opportunity for full, safe and equal access.

12. Defendant was required to have completed structural changes to the subject facilities, over a decade ago, and, in any event, no later than January 26, 1995 pursuant to 28 C.F.R. §35.150(c). Defendant has failed to complete the required structural changes to achieve equal program, service or activity access to their facilities.

13. Defendant has known of its duties and obligations under Title II of the ADA to complete the necessary and required structural changes for over nine

years. Defendant has arbitrarily and intentionally refused to complete the necessary and required structural changes to the subject facilities by the January 26, 1995 date as mandated by federal law.

14. Defendant's failure to adequately meet all of its obligations including, *inter alia*, to complete a Self-Evaluation, to develop a Transition Plan for modification of existing facilities, and to have fully implemented all structural modifications, has denied, and continues to deny, Plaintiff full, safe and equal access to Defendant's programs, services and activities that are otherwise available to persons without disabilities at the subject facility.

15. As a governmental and public entity, and as officials comprised of the highest level of decision makers, Defendant has engaged in conduct and acts of omission that subject Plaintiff to discrimination solely on the basis of the disability. Defendant directly participated in or acquiesced in the conduct or acts of omission described in this Complaint. Defendant's discrimination against Plaintiff solely on the basis of disability has been, and continues to be, arbitrary, knowing and intentional.

16. Under Title II of the ADA, the programs and activities of public entities must be accessible to people with disabilities unless that would cause a "fundamental alteration" to the program or activity or constitute an "undue financial and administrative burden" to the entity. 28 C.F.R. § 35.149-150. It is

the burden of the entity to prove that compliance would result in such fundamental alteration or financial burden. Further, any decision that compliance would result in alteration or burden must be made after "considering all resources available for use in the funding and operation of the service, program, or entity, and must be accompanied by a written statement of the reasons for reaching that conclusion." 28 C.F.R. § 35.150(a)(3). Alabaster cannot meet this burden.

17. Plaintiff was subjected to discrimination in attempts to access the programs, services and facilities operated and owned by Alabaster. Plaintiff continues to desire to utilize Alabaster's programs and services as well as return to the subject facilities owned and operated by Alabaster and therefore will continue to suffer discrimination by Alabaster in the future.

18. Pursuant to the mandates of 42 U.S.C. § 12134(a), the Department of Justice, Office of Attorney General, promulgated federal regulations to implement the requirements of the ADA. 28 C.F.R. Part 35 and ADA Standards for Accessible Design, 28 C.F.R. Part 36, Appendix A.

19. Alabaster has discriminated against Plaintiff by denying full and equal enjoyment of benefits of a service, program or activity conducted by a public entity as prohibited by 42 U.S.C. §12101 *et seq.*, and by failing to remove architectural barriers pursuant to 28 C.F.R. §35.150(c).

20. Defendant, Alabaster has discriminated, and continues to discriminate against the Plaintiff, and others who are similarly situated, by denying access to, and full and equal enjoyment of goods, services, facilities, privileges, advantages and/or accommodations of Alabaster in derogation of Title II of the ADA, 42 U.S.C. § 12101 *et seq.*

21. The Plaintiff has been unable to and continues to be unable to enjoy access to the benefits of the programs, services and facilities owned, operated and/or leased by Alabaster.

22. Defendant is in violation of 42 U.S.C. § 12101 *et seq.* and 28 C.F.R. § 36.302 *et seq.* and are discriminating against Plaintiff due to the following violations, *inter alia*:

### Albert L. Scott Public Library, 100 9th Street NW

a. No van accessible parking is provided;

b. No signage is provided at spaces designated as accessible;

c. Signage is improperly posted at the access aisle between the accessible parking spaces;

d. The parking spaces currently designated as accessible are located on excessive running slopes;

e. There are an insufficient number of accessible parking spaces provided;

f. The threshold at the main library entry door contains a vertical change in level that is not properly beveled;

g. The toilet rooms lacks accessible signage;

h.  The accessible toilet stall is too small for a wheelchair user;

i.  No standard accessible toilet stall is provided;

j.  The coat hook provided in the stall designated as accessible is too high for a wheelchair user;

k.  The pipes beneath the lavatory are not insulated;

l.  The paper towel dispenser is too high for a wheelchair user;

m.  The mirror is too high for a wheelchair user;

n.  The computer desks are not located along an accessible route such that there is insufficient clear floor space for a wheelchair user to access them;

o.  The checkout counter is too high;

## Buck Creek Park, 701 6th Avenue SW

p.  There is an insufficient number of accessible parking spaces provided;

q.  No raised signs are provided at spaces currently designated as accessible to designate them as such nor to designate the location of van accessible parking spaces;

r.  There is no accessible route to the picnic tables;

s.  No wheelchair accessible picnic tables are provided;

t.  There is no accessible route to the gazebo and the gazebo itself is not accessible due to a change in level at the entrance;

u.  The ramp to the playground lacks compliant handrails;

v.  There is no accessible route to the baseball fields/bleachers;

w.  The toilet rooms at the football field lack sufficient clear floor space to exit the toilet room;

x.  The paper towel dispensers in the toilet rooms are too high for a wheelchair user;

y.  The urinal in the men's toilet room is not centered in the clear floor space as necessary for a wheelchair user to access it;

z.  The toilet room entry doors at the football field toilet rooms are too heavy for a wheelchair user and lack sufficient delay in closing for a wheelchair user to enter without being struck by the door;

### Veterans Park, 7305 Highway 119

aa. None of the accessible parking spaces provided are designated with raised signs;

bb. No accessible parking spaces are provided on the closest accessible route to the main park entrance/playground area;

cc. Some pavilions lack accessible tables;

dd. No accessible route to the rear playground is provided;

### Warrior Park, 100 City Park Lane

ee. No van accessible parking is provided;

ff. An insufficient number of accessible parking spaces is provided;

gg. Some spaces designated as accessible are located on excessive cross slopes and lack raised signage;

hh. No accessible route to the ball fields or bleachers are provided;

ii. No accessible route to the playground is provided;

jj. No accessible picnic tables are provided;

kk. Pipes at the toilet room lavatories are not insulated;

ll. The coat hooks provided in the accessible toilet stalls are too high for wheelchair users;

mm. The paper towel dispenser are too high for a wheelchair user;

nn. The mirrors in the toilet rooms are too high for a wheelchair user;

### Abbey Wooley Park, 720 Park Road

oo. No accessible parking spaces are provided;

pp. No accessible route from the parking lot to the playground, picnic tables or toilet rooms is provided;

qq. No accessible picnic tables are provided;

rr. The toilet rooms lack accessible signage;

ss. The toilet rooms lack standard wheelchair accessible toilet stalls;

tt. The pipes beneath the lavatories in the toilet rooms are not insulated;

uu. The faucets provided at the toilet room lavatories require tight grasping, pinching or twisting of the wrist to operate;

vv. There is a change in level to enter the toilet rooms which is not properly beveled;

ww. There is no accessible path of travel to the water fountain;

xx. There is no accessible path of travel to the swings.

23. There are other current barriers to access and violations of the ADA in Alabaster which were not specifically identified herein as the Plaintiff is not required to engage in a futile gesture pursuant to 28 C.F.R. §36.501 and, as such, only once a full inspection is performed by Plaintiff or Plaintiff's representatives can all said violations and barriers to access be identified.

24. The Plaintiff has been obligated to retain the undersigned counsel for the filing and prosecution of this action. Plaintiff is entitled to have her reasonable attorney's fees, costs and expenses paid by Alabaster pursuant to 42 U.S.C. § 12205.

25. Pursuant to 42 U.S.C. § 12188, this Court is vested with the authority

to grant Plaintiff injunctive relief, including an Order to alter the subject programs, services and facilities to make them readily accessible to, and useable by, individuals with disabilities to the extent required by the ADA, and closing the subject programs, services and facilities until the requisite modifications are completed.

WHEREFORE, the Plaintiff demands judgment against Alabaster and requests the following injunctive and declaratory relief:

A. That the Court declare that the programs, services and facilities owned, operated and administered by Defendant, are violative of the ADA;

B. That the Court enter an Order directing Defendant to alter its programs, services and facilities to make them accessible to and useable by individuals with disabilities to the full extent required by Title II of the ADA;

C. That the Court enter an Order directing Defendant to evaluate and neutralize its policies and procedures towards persons with disabilities for such reasonable time so as to allow Defendant to undertake and complete corrective procedures;

D. That the Court award reasonable attorney's fees, costs (including expert fees) and other expenses of suit, to the Plaintiff; and

E. That the Court award such other and further relief as it deems necessary, just and proper.

## COUNT II – VIOLATION OF THE REHABILITATION ACT

26. Plaintiff re-alleges and incorporates by reference, as if fully set forth again herein, the allegations contained in paragraphs 1 through 5 of this Complaint.

27. As more fully described above, Plaintiff is an individual with a disability.

28. Furthermore, the Plaintiff is an Alabama resident who does or would like to frequent the subject facilities that are currently inaccessible as described above and herein, and is otherwise qualified to use and enjoy the programs, services and benefits provided by Defendant in the City of Alabaster, including but not limited to the Library, Buck Creek Park, Veterans Park, Warrior Park and Abbey Wooley Park.

29. Defendant's acts and omissions that result in unequal access to the programs, services, facilities and activities provided by Defendant as alleged herein are in violation of Section 504 of the Rehabilitation Act as codified in 29 U.S.C. § 794 *et seq.*, and the regulations promulgated thereunder which are codified in 34 C.F.R. § 104 *et seq.* Defendant is the direct recipient of federal funds sufficient to invoke the coverage of Section 504, and is unlawfully and intentionally discriminating against Plaintiff on the sole basis of the disabilities of Plaintiff.

30. Solely by reason of disability, Plaintiff has been, and continues to be, excluded from participation in, denied the benefit of, and subjected to discrimination in her attempts to receive full, safe and equal access to the services offered by Defendant.

31. Defendant is in violation of Section 504 of the Rehabilitation Act, as amended, 29 U.S.C. §794 and is discriminating against the Plaintiff due to the following violations, *inter alia*:

### Albert L. Scott Public Library, 100 9th Street NW

a. No van accessible parking is provided;

b. No signage is provided at spaces designated as accessible;

c. Signage is improperly posted at the access aisle between the accessible parking spaces;

d. The parking spaces currently designated as accessible are located on excessive running slopes;

e. There are an insufficient number of accessible parking spaces provided;

f. The threshold at the main library entry door contains a vertical change in level that is not properly beveled;

g. The toilet rooms lacks accessible signage;

h. The accessible toilet stall is too small for a wheelchair user;

i. No standard accessible toilet stall is provided;

j. The coat hook provided in the stall designated as accessible is too high for a wheelchair user;

k. The pipes beneath the lavatory are not insulated;

l. The paper towel dispenser is too high for a wheelchair user;

m. The mirror is too high for a wheelchair user;

n. The computer desks are not located along an accessible route such that there is insufficient clear floor space for a wheelchair user to access them;

o. The checkout counter is too high;

### Buck Creek Park, 701 6th Avenue SW

p. There is an insufficient number of accessible parking spaces provided;

q. No raised signs are provided at spaces currently designated as accessible to designate them as such nor to designate the location of van accessible parking spaces;

r. There is no accessible route to the picnic tables;

s. No wheelchair accessible picnic tables are provided;

t. There is no accessible route to the gazebo and the gazebo itself is not accessible due to a change in level at the entrance;

u. The ramp to the playground lacks compliant handrails;

v. There is no accessible route to the baseball fields/bleachers;

w. The toilet rooms at the football field lack sufficient clear floor space to exit the toilet room;

x. The paper towel dispensers in the toilet rooms are too high for a wheelchair user;

y. The urinal in the men's toilet room is not centered in the clear floor space as necessary for a wheelchair user to access it;

z. The toilet room entry doors at the football field toilet rooms are too heavy for a wheelchair user and lack sufficient delay in closing for a wheelchair user to enter without being struck by the door;

### Veterans Park, 7305 Highway 119

aa. None of the accessible parking spaces provided are designated with raised signs;

bb. No accessible parking spaces are provided on the closest accessible route to the main park entrance/playground area;

cc. Some pavilions lack accessible tables;

dd. No accessible route to the rear playground is provided;

### Warrior Park, 100 City Park Lane

ee. No van accessible parking is provided;

ff. An insufficient number of accessible parking spaces is provided;

gg. Some spaces designated as accessible are located on excessive cross slopes and lack raised signage;

hh. No accessible route to the ball fields or bleachers are provided;

ii. No accessible route to the playground is provided;

jj. No accessible picnic tables are provided;

kk. Pipes at the toilet room lavatories are not insulated;

ll. The coat hooks provided in the accessible toilet stalls are too high for wheelchair users;

mm. The paper towel dispenser are too high for a wheelchair user;

nn. The mirrors in the toilet rooms are too high for a wheelchair user;

### Abbey Wooley Park, 720 Park Road

oo. No accessible parking spaces are provided;

pp. No accessible route from the parking lot to the playground, picnic tables or toilet rooms is provided;

qq. No accessible picnic tables are provided;

rr. The toilet rooms lack accessible signage;

ss. The toilet rooms lack standard wheelchair accessible toilet stalls;

tt. The pipes beneath the lavatories in the toilet rooms are not insulated;

uu. The faucets provided at the toilet room lavatories require tight grasping, pinching or twisting of the wrist to operate;

vv. There is a change in level to enter the toilet rooms which is not properly beveled;

ww.  There is no accessible path of travel to the water fountain;

xx.  There is no accessible path of travel to the swings;

32.  Upon information and belief, there are other current violations of the Rehabilitation Act in Alabaster and only once a full inspection is performed by Plaintiff or Plaintiff's representatives can all said violations be identified.

WHEREFORE, the Plaintiff demands judgment against Alabaster and requests the following injunctive and declaratory relief:

A   That this Court accept jurisdiction of this case and declare that the programs, services and facilities owned, operated and administered by Alabaster are discriminatory and are violative of the Rehabilitation Act;

B.  That the Court enter an order requiring Alabaster to alter its programs, services and facilities to comply with federal law and regulations to make them accessible to and usable by individuals with disabilities to the extent required by the Rehabilitation Act;

C.  That the Court enter an order directing Alabaster to evaluate and neutralize its policies, practices, and procedures toward individuals with disabilities, for such reasonable time so as to allow Defendant to undertake and complete corrective procedures;

D.  That the Court enter an order mandating that Alabaster undertake a self-evaluation and that such evaluation contain a description of all of Defendant's programs, services and facilities; a review of all policies and practices that govern the administration of such programs, services and facilities; and an analysis of whether the policies and practices regarding such administration adversely affect the full participation of and use by individuals with disabilities;

E.  That the Court enter an order mandating Alabaster to expeditiously make all reasonable and appropriate modifications in its policies, practices and procedures, provide effective signage, remove all

architectural barriers that would not cause an undue financial or administrative burden or cause a fundamental alteration to the program or activity, provide alternative means when necessary; and, otherwise, take all such steps as are reasonable and necessary to ensure that persons with disabilities are no longer excluded, denied services, segregated or otherwise treated differently and discriminated against at the subject facilities;

F. Awarding reasonable attorney fees, expert fees, costs, and expenses to the Plaintiff;

G. Retaining jurisdiction of this case until Defendant has fully complied with the orders of this Court and awarding such other, further or different relief, as the Court deems necessary, just and proper.

Dated this ___ day of May 2010.

Respectfully submitted,

By: _____
Edward I. Zwilling, Esq.
Alabama State Bar No.: ASB-1564-L54E

**OF COUNSEL:**
Schwartz Zweben, LLP
600 Vestavia Parkway, Suite 251
Birmingham, Alabama 35216
Telephone: (205) 822-2701
Facsimile: (205) 822-2702
Email: ezwilling@szalaw.com